IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § | | |
| § | | |
| MAZADA ENTERPRISES, INC. § | CASE NO. 06-33139-H4-11 | |
| A Texas Corporation § | | |
| § | | |
| **Debtor** § | | |
| _____§_____ | | |
| § | | |
| TRUSTMARK NATIONAL BANK, § | ADVERSARY NO. _____ | |
| § | | |
| **Plaintiff** § | | |
| v. § | | |
| § | | |
| LARRY CAPLAN, § | | |
| § | | |
| **Defendant** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW, TRUSTMARK NATIONAL BANK** ("Trustmark"), Plaintiff herein, and pursuant to Rule 7001(7) of the Federal Rules of Bankruptcy Procedure, files this Original Complaint and Application for Injunctive Relief, against Defendant, Larry Caplan ("Caplan"), and would respectfully show unto the Court the following:

**I.     JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334.  Trustmark asserts that this is a core proceeding under 28 U.S.C. §157(b)(2)(A).  In the alternative, Trustmark asserts the Court may hear this as a non-core proceeding under 28 U.S.C. §157(c)(1).

2.     Venue is proper in this District under 28 U.S.C. § 1409(a).

## II.     PARTIES

3. Plaintiff Trustmark is a Federal Bank domiciled in the State of Mississippi. Trustmark has business operations within the boundaries of the Southern District of Texas, Houston Division.

4. Defendant Caplan is an individual believed to be currently residing at 5331 Pine Arbor Drive, Houston, Texas 77066, and may be served with process by serving a Summons and copy of this Complaint upon him at such address. A copy of the Summons and Complaint is also being served electronically or via email or fax upon Caplan's attorney, Mr. J. Craig Cowgill, 2211 Norfolk, Suite 1190, Houston, Texas 77098.

## III.    FACTUAL BACKGROUND

5. During the past several weeks, Caplan has contacted numerous people, including but not limited to, senior leadership of Trustmark in Jackson, Mississippi, the U.S. Attorneys Office, the U.S. Trustees Office, and possibly the F.B.I.

6. The purpose of Caplan's contact with these individuals has been to commit slander and slander per se. More specifically, Caplan has accused Trustmark of committing fraud and theft concerning the S.B.A. loan with the Debtor and Debtor's sister corporation, Derrick Enterprises, Inc. Caplan has accused Trustmark's employees, Reed Cook and Lesley Higginbotham of furthering the alleged fraud. Finally, Caplan has accused Ms. Higginbotham, and Trustmark's attorney, Michael C. Falick, of committing perjury in connection with the testimony given and arguments made in the underlying bankruptcy case.

7. Caplan previously tried to advance his slanderous comments in a pleading filed as Docket #21 in the adversary proceeding styled *Proba, et. al. v. Caplan*, Case #06-03475 entitled Motion to Quash and Motion to Strike All Pleadings by Aharon Eric Proba and Motion to Strike All Pleadings by Trustmark National Bank. Trustmark filed its response to this pleading and sought sanctions pursuant to Rule 9011. (Docket #25). Caplan then withdrew the pleading. (Docket #27).

8. Caplan's statements constitute slander and slander per se. Caplan has admitted making the statements in testimony taken in the underlying bankruptcy case.

**IV.     COUNT 1 – DEFAMATION, SLANDER AND SLANDER PER SE**

9. The law of defamation embodies the public policy that an individual should be free to enjoy his or her reputation unimpaired by false and defamatory attacks, and an action for libel or slander is based on a violation of this right. *See* 50 Am. Jur. 2d, Libel and Slander § 2. The right of a citizen to defend his or her reputation and good name from libelous publications is zealously guarded. *Fitzjarrald v. Panhandle Pub. Co.,* 149 Tex. 87, 228 S.W.2d 499 (1950).

10. Actionable defamation is a statement, whether communicated orally or in writing, that tends to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury. Higgason, The Trust About Defamation, 34 Houston Lawyer 16 (Feb. 1997); *Einhorn v. LaChance,* 823 S.W.2d 405 (Tex.App. – Houston [1st Dist.] 1992), writ dismissed w.o.j. (June 3, 1992), and reh'g of writ of error overruled (Sept. 23, 1992).

11. The law relating to defamation is a limitation on the constitutional guaranty of freedom of speech and of the press. The freedom to speak freely, although

broad, is not without restraint, and the Texas Constitution itself provides that a person is responsible for his or her abuse of the right to speak freely.  The constitutional guaranty does not condone unjustifiable defamation; that is, it cannot be claimed that under the constitutional freedoms of speech and press there is a right to publish, or that any individual is free to utter, libels and slanders.  Calculated falsehood enjoys no immunity under constitutional guaranties of free speech and press.  Tex. Const. Art. I § 8; *Time, Inc. v. Firestone,* 424 U.S. 448, 96 S.Ct. 958 (U.S.Fla. 1976); *Time, Inc. v. Hill,* 385 U.S. 374, 87 S.Ct. 534 (U.S.N.Y. 1967).

12. Slander is a defamatory statement orally published to a third party without explanation or excuse, that is either defamatory in itself or defamatory because it results in actual damages.  *Rogers v. Cassidy,* 946 S.W.2d 439 (Tex.App. – Corpus Christi 1997).

13. A statement is considered slander per se if it falls within one of the four categories of per se defamatory speech.  *Moore v. Waldrop,* 166 S.W.3d 380 (Tex.App. – Waco 2005), no pet.  To be considered "slander per se," the statement must impute the commission of a crime, impute the contraction of a loathsome disease, cause injury to a person's office, business or profession, or impute sexual misconduct.  *Bradbury v. Scott,* 788 S.W.2d 31 (Tex.App. – Houston [1st Dist.] 1989), writ denied (1990); *Christy v. Stanffer Publications, Inc.,* 437 S.W.2d 814 (Tex. 1969); *Villasenor v. Villasenor,* 911 S.W.2d 411 (Tex.App. – San Antonio 1995), rehearing overruled (Sept. 8, 1995); *Marshall v. Mahaffey,* 974 S.W.2d 942 (Tex.App. – Beaumont 1998), rehearing overruled (Sept. 24, 1998), review denied (Mar. 11, 1999), rehearing of petition for review overruled (Oct. 7, 1999).

14.     As stated above, a statement that falsely charges a person with the commission of a crime punishable by imprisonment is considered libel per se.  *Hearst Corp. v. Skeen,* 130 S.W.3d 910 (Tex.App. – Ft. Worth 2004), rev'd on other grounds, 159 S.W.3d 633 (Tex. 2005).  To be actionable per se, the statement does not have to charge a violation of a criminal statute in express terms.  *Buck v. Savage,* 323 S.W.2d 363 (Tex.App. – Houston 1959), writ ref'd n.r.e.  If in hearing the statement an ordinary person would draw a reasonable conclusion that the plaintiff was charged with a violation of some criminal law, the statement constitutes libel per se.  *Gray v. HEB Food Stores,* 941 S.W.2d 327 (Tex.App. – Corpus Christi 1997), writ denied (Nov. 6, 1997).

15.     A plaintiff who proves the defendant's statement was defamatory per se is entitled to a presumption of general damages.  *Bentley v. Bunton,* 94 S.W.3d 561 (Tex. 2002), rehearing of cause overruled (Feb. 13, 2003).  Proof that a statement was defamatory per se is considered sufficient evidence to establish some degree of damages, and the jury is permitted to estimate the amount without additional evidence.  *Bolling v. Baker,* 671 S.W.2d 559 (Tex.App – San Antonio 1984), rehearing denied (April 9, 1984), writ dismissed w.o.j. (Oct. 10, 1984), rehearing of writ of error overruled (Feb. 6, 1985).

### V.     COUNT 2 – REQUEST FOR PRELIMINARY INJUNCTION

16.     A proceeding to obtain an injunction or other equitable relief is an adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure, except when a Chapter 9, Chapter 11, Chapter 12, or Chapter 13 plan provides for the relief.  Fed. R. Bankr. P. 7001(7).  The law does not permit the use of discretion in deciding whether to retain jurisdiction over adversary proceedings when an adversary proceeding depends upon a bankruptcy case for its existence.  *In re Davison,* 186 B.R.

741 (Bankr. N.D. Fla. 1995). An order entered by a bankruptcy court in an adversary proceeding which determines the rights and obligations of parties to a proceeding or bankruptcy case constitutes an adjudication of rights and obligations in question. Unless modified or withdrawn pursuant to motion under Fed. R. Civ. P. 60(b) or modified or reversed on appeal, such an order is final and binding on parties to the adversary proceeding, and the parties may not re-litigate rights and obligations adjudicated by the order. *In re Grossinger's Associates,* 184 B.R. 429 (Bankr. S.D. N.Y. 1995).

17. In addition, Bankruptcy Code § 105 (a), which provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11, gives the bankruptcy courts the power to issue injunctive relief. *U.S. v. Sutton,* 786 F. 2d 1305 (5th Cir. 1986) (applying Louisiana law). Section 105(a) provides in pertinent part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

As the Fifth Circuit has noted: "The language of this provision is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *Matter of Terrebonne Fuel and Lube, Inc.,* 108 F.3d 609, 613 (5th Cir. 1997) (applying Louisiana law).

18. Generally, it is the purpose of injunctive relief to halt wrongful acts that are threatened or that are in a course of accomplishment rather than to grant relief against

past actionable wrongs or to prevent the commission of wrongs not imminently threatened.  However, where, notwithstanding abandonment of the acts complained of, it appears that further wrongful acts of the same character are in effect threatened by the defendant, or can be reasonably apprehended, the suit is not defeated.  *Texas Employment Commission v. Martinez,* 545 S.W.2d 876 (Tex.Civ.App. – El Paso 1976); *Alamo Title Co. v. San Antonio Bar Ass'n,* 360 S.W.2d 814 (Tex.Civ.App. – Waco 1962), writ refused n.r.e. (Feb. 13, 1963).

19. The acts enjoined must have some direct relation to the acts that the defendant has committed or that have been threatened.  *Quarles v. State Bar of Tex.,* 316 S.W.2d 797 (Tex.Civ.App. – Houston 1958), certiorari denied by *Quarles v. State Bar of Tex.,* 368 U.S. 986 (1962).  To obtain a temporary injunction, the applicant must plead and prove three specific elements:  (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.  V.T.C.A., Civil Practice & Remedies Code § 65.011; *Emeritus Corp. v. Ofczarzak,* 198 S.W.3d 222 (Tex.App. – San Antonio 2006); *Dallas Anesthesiology Associates, P.A. v. Texas Anesthesia Group, P.A.,* 190 S.W.3d 891 (Tex.App. – Dallas 2006).

20. An act that is a legal or equitable wrong may be enjoined where enjoining it would not itself be a wrong.  An injunction should issue where the facts conclusively show that a party is violating the substantive law or a duty that arises from a written contract.  Also, a threatened act which, if committed, will work a legal injury, may be enjoined.  *Green v. Unauthorized Practice of Law Committee,* 883 S.W.2d 293 (Tex.App. – Dallas 1994); *Miller Paper Co. v. Roberts Paper Co.,* 901 S.W.2d 593 (Tex.App. –

Amarillo 1995), rehearing denied (June 30, 1995); *Coates v. Coates,* 355 S.W.2d 260 (Tex.Civ.App. – Eastland 1962).

21. The right to injunctive relief exists if an act has occurred that is a wrong or injury to a plaintiff's personal, property, or civil rights and the wrong or injury continues or its continuance is threatened. The injury must be actual and substantial, or it must be an affirmative prospect, and not a mere possibility of harm, or some injustice must have been done. These principles apply to both mandatory and prohibitory injunctions and to acts either single or continuous. *Garth v. Staktek Corp.,* 876 S.W.2d 545 (Tex.App. – Austin 1994), rehearing overruled (June 15, 1994), writ dismissed w.o.j. (July 28, 1994); *Parkem Indus. Services, Inc. v. Garton,* 619 S.W.2d 428 (Tex.Civ.App. – Amarillo 1981); *Davis v. Carothers,* 335 S.W.2d 631 (Tex.Civ.App. – Waco 1960), writ dismissed by agreement (Oct. 5, 1960).

22. Insolvency may be a factor in determining whether there is an adequate remedy at law, for purposes of injunctive relief. The issue of insolvency relates to the resulting inability to respond in damages. A case for a temporary injunction based on the probably insolvency of the party enjoined and, thus, the probability that the party will not be able to respond in damages, is made where the only evidence in the record supports this probability and the party enjoined presents no controverting evidence although it has the opportunity to do so. *Dresser-Rand Co. v. Virtual Automation, Inc.,* 361 F.3d 831 (5th Cir. 2004) (applying Texas law); *Texas Indus. Gas v. Phoenix Metallurgical Corp.,* 828 S.W.2d 529 (Tex.App. – Houston [1st Dist.] 1992).

23. There is a substantial likelihood that Plaintiff will prevail on the merits because Caplan has admitted making the statements in testimony taken in the underlying

bankruptcy case. *See Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561 (U.S.N.Y. June 30, 1975); *U.S. v. Microsoft Corp.,* 147 F.3d 935 (D.C. Cir. June 23, 1998).

24. The harm faced by Plaintiff outweighs the harm that would be sustained by the Defendant if the preliminary injunction is granted. *See Yakus v. U.S.,* 321 U.S. 414, 64 S.Ct. 660 (U.S.Mass. Mar. 27, 1944); *Johnson v. California State Bd. of Accountancy,* 72 F.3d 1427 (9th Cir. Dec. 29, 1995) (applying California law).

25. Issuance of a preliminary injunction would not adversely affect the public interest because the injunction would merely prevent Caplan from further damaging the reputations of Trustmark, its employees, and its attorneys. *See Davidoff & CIE, S.A. v. PLD Int'l Corp.,* 263 F.3d 1297 (11th Cir. Aug. 28, 2001) (applying Florida law).

26. Plaintiff is willing to post a bond in the amount the Court deems appropriate. Plaintiff asks the Court to set its application for preliminary injunction for hearing at the earliest possible time, and, after hearing the request, issue a preliminary injunction against Defendant.

## VI. REQUEST FOR PERMANENT INJUNCTION

27. At common law, the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a likelihood of success. A party seeking a permanent injunction must also plead and prove and irreparable injury for which no adequate remedy at law exists. *Dresser-Rand Co. v. Virtual Automation, Inc.,* 361 F.3d 831 (5th Cir. Feb. 23, 2004) (applying Texas law).

28.     Plaintiff asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendant.

## VII.     PRAYER FOR RELIEF

For these reasons, Plaintiff Trustmark National Bank asks the Court to do the following:

    a.    Summon Defendant Larry Caplan to appear and answer this Complaint;

    b.    Grant Plaintiff's request for preliminary and permanent injunctions;

    c.    Enter judgment for Plaintiff on its cause of action for defamation, slander and slander per se;

    d.    Award costs of court; and

    e.    Grant all other relief the Court deems appropriate.

**DATED:  February 12, 2007.**

    Respectfully submitted,

    **ROTHFELDER & FALICK, L.L.P.**

    \_\_/s/ Michael C. Falick_____
    Michael C. Falick
    Texas Bar No. 06794600
    1201 Louisiana, Suite 550
    Houston TX 77002
    713- 220-2288 – telephone
    713- 658-8211 – facsimile
    **ATTORNEYS FOR TRUSTMARK NATIONAL BANK**